948 F.2d 1290
 58 Fair Empl.Prac.Cas. (BNA) 64, 7 IER Cases 736
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul F. RODGERS, Plaintiff-Appellant,
v.
The FLINT JOURNAL, et al., Defendants-Appellees.
 No. 91-1215.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1991.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Paul F. Rodgers, appeals the order of the district court granting summary judgment to defendant newspapers. Relying upon the theory underlying Toussaint v. Blue Cross & Blue Shield, 408 Mich. 579, 292 N.W.2d 880 (1980), plaintiff contended that he was wrongfully demoted by his employer. In that case, the Michigan Supreme Court recognized a cause of action for wrongful discharge where an employer discharges an employee without just cause, after having made an express or implied promise that the employee would be discharged only for just cause. Although plaintiff was not discharged and did not claim constructive discharge, he argues that the doctrine established in Toussaint should be extended to his situation. There is some indication that the Michigan Supreme Court is reluctant to extend Toussaint into other areas of the employment relationship. See Dumas v. Auto Club Ins. Assoc., 437 Mich. 521, 473 N.W.2d 652 (1991).
 
 
 2
 The district court did not address the scope of Toussaint protection, since it concluded that plaintiff's evidence could not demonstrate a reasonable or legitimate expectation on his part that he would not be demoted or transferred without just cause.
 
 
 3
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are unable to say that the district court erred in this regard.
 
 
 4
 As the reasons why judgment should be entered for defendants have been articulated by the district court, the issuance of a written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is affirmed.
 
 
 5
 BOGGS, Circuit Judge, concurring.
 
 
 6
 I wish to emphasize that since we hold that Rodgers had no legitimate expectation that he would not be demoted or transferred without just cause, we do not consider or confirm the employer's rather bizarre theory as to what constitutes just cause in this case.
 
 
 7
 The employer relied on his interpretation that it was a per se violation of federal sexual harassment laws for any top management official to have a romantic relationship, by all accounts completely consensual, with any lower level employee in the manager's organization. The employer characterized this as "a violation of a most serious federal sexual harassment law." The employer further stated that "[t]he law made no exceptions for this kind of behavior...." I know of no case that so holds, certainly where there has been no complaint, before or after the fact, from the other party or from other workers. Our affirmance of the district court's dismissal of the suit should not be taken as any support for the employer's theory.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation